IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK ELLIOT                                        CIVIL ACTION NO.
Plaintiff,


v.


BOSTON PROPERTY GROUP, LLC (FORMERLY KNOWN AS
JACOB REALTY), UNNAMED. RAUL _____, a former employee in his
individual capacity, and UNASCERTAINED DEFENDANT, Then-Owner of Building Located
at 53 Orleans Street, Boston, MA
Defendants.


## COMPLAINT

Parties

1.  Plaintiff Mark Elliot ("Mr. Elliot" or "Plaintiiff") is a resident of Boston, Suffolk County,

    Massachusetts, and a citizen of the United States.

2.  Plaintiff currently resides at 365 Sumner Street #3, East Boston, MA 02128.

3.  Defendant Boston Property Group LLC, formerly known as Jacob Realty, ("Boston

    Property" or "Defendant), has offices at 279 Newbury Street, Boston, MA 02116.

4.  Boston Property operated as an agent of Boardwalk Properties of Mission Hill

    ("Boardwalk Properties"), a real estate and property management company, located at

    1518 Tremont St, Boston, MA 02120.

5.  Defendant is  a resident of Boston, Suffolk County, Massachusetts, and a citizen of the

    United States.

1

6. Defendant Raul _____, is a former employee of Boston Property Group LLC, in his individual capacity.

7. Defendant was a resident of Boston, Suffolk County, Massachusetts, and a citizen of the United States, at the time of the events upon which this complaint rests.

8. The unnamed and unascertained defendant was the owner of the rowhouse building located adjacent to the Plaintiff's property, at 53 Orleans Street, Boston, MA.

9. Defendant was a resident of Boston, Suffolk County, Massachusetts, and a citizen of the United States, at the time of the events upon which this complaint rests.

## Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## Venue

Plaintiff certifies that venue is proper in Boston, Massachusetts.

**Facts**

1. On the night of February 4, 2013, the Plaintiff's properties at 265-267 Sumner Street East Boston, MA 02128 were burned in a fire that spread from a neighboring rowhouse.

2. The Defendant, as an agent of Boardwalk Properties, managed the Plaintiff's property at 265-267 Sumner Street, Boston, MA.

3. The fire and smoke detectors had been rendered inactive by the Defendant; that is, they were incapable of detecting fire or signalling the building's residents of any smoke or fire.

2

4.  The fire began on the rooftop of a neighboring building and spread to the rooftop of 267 Sumner Street.

5.  The roof, second and third floors were severely damaged by the fire.

6.  During the fire, the detectors did not signal for smoke from the neighboring fire or alert the residents when the fire had entered the building.

7.  Fire and smoke detectors at other buildings went off because of the heavy presence of smoke, which is a strong indication that the detectors in the building adjacent to the initial fire, should have alerted the residents of the approaching fire.

8.  The detectors also should have signalled when the fire had entered the building.

9.  The fire displaced 21 people and damaged two buildings.

10. Two people were taken to the hospital and 100 firefighters were needed to bring the fire under control.

11. According to the Boston Globe, the fire was brought under control by 12:15 am, more than two hours after the fire reached the Plaintiff's building.

12. The fire and smoke detectors had been removed by Raul, a representative of Boston Property, formerly known as Jacob Realty.

13. The Plaintiff discovered their absence when he was descending the stairwell with his luggage in December 2012.

14. Upon further examination, he discovered that the smoke detectors had all been removed and the central system that the detectors were wired to had been deactivated.

15. The central system had a safety backup system that would signal even when one of the detectors had been completely removed from the wall or ceiling.

16. To prevent the signals from sounding off in the building, whoever removed all of the detectors had disabled the system as well to prevent the tenants and landlord, the Plaintiff, from hearing the sound which could be a nuisance but more importantly, could alert them to the missing smoke alarms.

17. The Plaintiff immediately called Tashina McKenzie, then Manager of Boardwalk Properties, to notify her of the problem and inquire about their removal.

18. Ms. McKenzie expressed surprise but acknowledged that Raul, who was then a former employee, had been the one to remove them.

19. The Plaintiff demanded that Boardwalk Properties have the Defendant come out within 24 hours and install smoke detectors and shortly thereafter, have representatives come out to reactivate the central system which had also been deactivated and wire the detectors to the system properly.

20. The Plaintiff had been on his way downstairs with his luggage because of his upcoming business trip to Thailand. He was assured that the fire alarms would be installed within twenty four hours and he left for his flight.

21. He received notification that the smoke detectors were installed.

22. After the fire, it was apparent that the smoke detectors had not been activated so that they signalled the tenants when smoke or fire was in close proximity or even entering the building.

23. The fire detectors also were not centrally wired into the system so that it would be apparent that they were inoperable, missing batteries, or whatever kept them from being active.

4

24. They had also not been tested.

25. Three floors of the Plaintiff's property sustained water damage. The second and third
    floors and roof were severely burned and damaged.

26. The property had to be almost completely gutted for repairs to begin and many delays
    ensued because the water froze due to the inclement weather conditions in the months
    following the fire.

27. The owner of the the building where the fire began, the unnamed Defendant, had code
    violations that included asbestos which caused the City to prevent the Plaintiff from
    having the snow shoveled, after the fire.

28. The Defendant-owner failed to fix a leaking roof that had been leaking onto the
    Plaintiff's property prior to the fire.

29. This condition was exacerbated by the water used to fight the fire at the
    Defendant-owner's building.

30. The Defendant-owner failed to replace the aged and insufficient firewall shared by the
    Plaintiff and Defendant-owner's properties.

31. The Plaintiff had moved forward with the replacement on his own prior to the fire.

32. The Defendant-owner had asbestos present in the building that was discovered after the
    fire, resulting in a citation.

33. The Defendant-owner was also found to have caused the fire due to failure to correct and
    rehabilitate aspects of the building on Orleans Street.

**Counts Against Defendant Boston Property Group LLC**

**Count I Negligence**

5

34. Paragraphs 1 through 33 are incorporated herein.

35. Due to the Defendant's actions, the Plaintiff and Boardwalk Properties were in violation

of M.G.L. c. 148 §26E(b) which requires a landlord to equip a building containing three to five

dwellings with working smoke alarms and detectors on a central system:

> Buildings or structures occupied in whole or in part for residential purposes and
> containing not less than three nor more than five units and not regulated by section
> twenty-six A, twenty-six B or twenty-six C shall be equipped with approved smoke
> detectors. Owners of such buildings or structures shall install either an approved
> monitored battery powered smoke detector or an approved primary power smoke detector
> outside each separate sleeping area; provided, however, that the head of the fire
> department shall allow the installation of approved monitored battery powered smoke
> detectors; and provided, further, that in all common hallways and basements of said
> residential buildings or structures a series of interconnected approved primary power
> smoke detectors shall be installed.

36. The Defendant made the unilateral decision to remove the fire detectors, violating city code

and subjecting themselves, the Plaintiff, and Boardwalk Properties to civil and criminal liability.

They were negligent under Massachusetts law.

Count II Negligence under Federal Law

Paragraphs 1 through 33 are incorporated herein.

**Count II Breach of Contract**

37. Paragraphs 1 through 33 are incorporated herein.

38. Pursuant to M. G. L. c. 93A,§§ 9 and 11, the Defendant owed the Plaintiff a fiduciary duty

through the contractual agreement to maintain his property at 26-267 Sumner Street in Boston,

MA. Raul, a representative and employee of the Defendant, chose to remove the smoke and fire

detectors, allegedly to prevent them from sounding off when a tenant burned popcorn. It was the

Defendant's duty to assist the Plaintiff in keeping his property up to city code.

39.By removing the fire alarms, the Defendant put the Plaintiff who resided on the third floor of the building and the tenants who resided on the other three levels at significant risk. The Plaintiff was placed at an even higher risk of facing criminal charges and fines for not having smoke detectors at his property.

40.The Defendant also failed to rectify the code violations in a timely manner and left the Plaintiff even more exposed by indicating to him that they had completed the tasks, failing to test the detectors they installed, and failing to reactivate the central system that is required by law.

41.The code violations were further exacerbated by the fact that the Plaintiff was not notified by the Defendant when the detectors were removed, his requests that the property be brought back up to code immediately were not followed, and he became aware of the issue as he was leaving for Thailand for a lengthy business trip.

42.The Defendant misled him about the progress made while he was overseas and relying on them to uphold their agreement to manage his property and represent his interests.

43.A month later, the Plaintiff was still in Thailand, when the fire occurred, which displaced 21 people and required 100 firefighters. A fire station was located a block and a half from the property. Three floors of the Plaintiff's property sustained water damage. The second and third floors and roof were severely burned and damaged.

44.The property had to be almost completely gutted for repairs to begin and many delays ensued because the water froze due to the inclement weather conditions in the months following the fire, the building where the fire began had code violations that included asbestos which caused the City to prevent the Plaintiff from having the snow shoveled, some utilities continued to accrue

7

fees, unbeknownst to the Plaintiff. while the building was unlivable, and the Plaintiff lost

thousands of dollars in running utilities, repairs, and rent.


**Counts Against Unnamed Defendant, Owner of Building at 53 Orleans Street, Boston, MA**

**Count III Negligence**

45. Paragraphs 1 through 33 are incorporated herein.

46. Then-owner of the adjacent property to the Plaintiff's property was criminally negligent,

pursuant to M.G.L. c. 148 §8:

> Whoever, not being a tenant thereof, sets or increases a fire upon land of another whereby
> the property of another is injured, or whoever negligently or wilfully suffers any fire
> upon his own land to extend beyond the limits thereof whereby the woods or property of
> another are injured, shall be punished by a fine of not more than one thousand dollars or
> by imprisonment for not more than two years, and the town where such fire occurred may
> recover in an action of tort, brought within two years after the cause of action accrues,
> against any such person the expense of extinguishing such fire.

47. The Plaintiff had admonished the owner several times about the leaking roof which

connected to the roof of the Plaintiff's property and leaked water onto the Plaintiff's property.

48. The Plaintiff finally moved forward with replacing the firewall that he and the Defendant

shared because it was 140 years old and in disrepair. The Defendant was cited after the fire for

the presence of asbestos in the shingles and for causing the fire that spread to the Plaintiff's

property.

**Request for Relief and Damages**

Wherefore the Plaintiff demands judgment against the Defendants for compensatory and punitive damages and interest, and damages for pain, suffering, and future loss, and any other such relief this Court deems fair, just, and honorable.

Plaintiff demands a trial by jury.

Respectfully submitted,

*Mark Elliott*

Mark Elliot
Plaintiff
365 Sumner Street #3,
East Boston, MA 02128
markelliott1@gmail.com
702-984-0523



## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: 41B1DA487A9C4AB28C6E13387E0D48E8 | | Status: Completed |
| Subject: MarkElliotcomplaint.pdf | | |
| Source Envelope: | | |
| Document Pages: 9 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 1 | Initials: 0 | Mark Elliott |
| AutoNav: Enabled | | markelliott1@gmail.com |
| EnvelopeId Stamping: Disabled | | IP Address: 66.179.157.68 |
| Time Zone: (UTC-08:00) Pacific Time (US & Canada) | | |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Mark Elliott | Location: DocuSign |
|    2/5/2016 12:32:08 PM |    markelliott1@gmail.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Mark Elliott | *Mark Elliott* | Sent: 2/5/2016 12:32:08 PM |
| markelliott1@gmail.com | | Viewed: 2/5/2016 12:32:36 PM |
| Security Level: Email, Account Authentication | | Signed: 2/5/2016 12:34:25 PM |
| (None) | | Freeform Signing |
| | Using IP Address: 155.52.208.84 | |

Electronic Record and Signature Disclosure:
   Not Offered
   ID:

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Notary Events | Status | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 2/5/2016 12:32:08 PM |
| Certified Delivered | Security Checked | 2/5/2016 12:32:36 PM |
| Signing Complete | Security Checked | 2/5/2016 12:34:25 PM |
| Completed | Security Checked | 2/5/2016 12:34:25 PM |