UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK ELLIOT,  )<br>  )<br>   Plaintiff,  )<br>  )<br>   v.  )<br>  )<br>BOSTON PROPERTY GROUP, LLC,  )<br>ET AL.,  )<br>  )<br>   Defendants.  )<br>  ) | Civil Action No.<br>16-10220-FDS |

### ORDER TO SHOW CAUSE

**SAYLOR, J.**

On February 5, 2016, plaintiff Mark Elliot filed this action for negligence against defendant Boston Property Group, LLC, defendant unnamed Raul \_\_\_\_\_, and an unascertained defendant.  The complaint states that the Court has jurisdiction pursuant to 28 U.S.C. § 1332, also known as the diversity jurisdiction statute.

The complaint alleges that "defendant [Boston Property Group] is a resident of Boston, Suffolk County, Massachusetts, and a citizen of the United States."  It also alleges that plaintiff is a resident of Massachusetts..

Diversity jurisdiction requires "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005).  For purposes of diversity jurisdiction, "the citizenship of a limited liability company 'is determined by the citizenship of all of its members.'" *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011); *see Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54-55

(1st Cir. 2006) ("[E]very circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members.  We see no reason to depart from this well-established rule." (citations omitted)).

Elliot has not alleged that all of Boston Property Group, LLC's members are citizens of states other than Massachusetts.  Moreover, he has alleged that Boston Property Group, LLC is a citizen of Massachusetts.  For that reason, the Court cannot determine whether it properly has subject-matter jurisdiction over this matter.

"The existence of subject-matter jurisdiction 'is never presumed.'"  *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1988)). "[A]s the party seeking to invoke jurisdiction, [plaintiff] has the burden of showing that [it] has met the statutory requirements."  *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001). Here, the complaint does not contain a plausible allegation of diversity and thus does not satisfy the plausibility standard that is applied to pleadings.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Accordingly, Elliot is ORDERED to show cause in writing within 21 days, or by March 2, 2016, why this case should not be dismissed for lack of federal subject-matter jurisdiction.  In order to make the required showing, Elliot must, at a minimum, supplement his complaint with an allegation of subject-matter jurisdiction sufficient to meet the federal pleading standard.  He must demonstrate that *all defendants*, including *all members* of Boston Property Group, LLC, are citizens of states other than Massachusetts.  Otherwise, the case will be dismissed for lack of federal subject-matter jurisdiction and Elliot must refile a complaint in state court.

**So Ordered.**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
Dated: February 10, 2016          United States District Judge