UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
MARK ELLIOT,                                )
                                            )
       Plaintiff,                          )
                                            )        Civil Action No.
   v.                                       )        16-10220-FDS
                                            )
BOSTON PROPERTY GROUP LLC, et al.,          )
                                            )
       Defendants.                         )
_____)

## MEMORANDUM AND ORDER OF DISMISSAL

**SAYLOR, D. J.**

For the reasons stated herein, the Court will deny the motion to proceed *in forma pauperis* and dismiss this action without prejudice for failure to state a federal claim upon which relief can be granted and because it declines to exercise supplemental jurisdiction over any state-law claims.

### I.   Background

On February 5, 2016, *pro se* plaintiff Mark Elliot filed an action for negligence and breach of contract against defendant Boston Property Group, LLC, and an "unascertained" defendant. No federal question was alleged under 28 U.S.C. § 1331; rather, subject-matter jurisdiction was premised on diversity of citizenship under 28 U.S.C. § 1332. Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis.*

On February 10, 2016, the Court issued a show-cause order requiring plaintiff to demonstrate why the complaint should not be dismissed for lack of jurisdiction. Plaintiff was also required supplement his complaint with an allegation of subject-matter jurisdiction sufficient to meet the federal pleading standard and demonstrate that all defendants were citizens of states other than Massachusetts. Plaintiff was warned that failure to show cause as to jurisdiction would result in dismissal of the action.

On March 2, 2016, plaintiff filed his response to the show-cause order. Plaintiff provided no basis to establish diversity jurisdiction, except his belief that one or more of the defendants may have relocated out of Massachusetts. Plaintiff requested more time to amend his complaint to establish federal-question jurisdiction, which extension the Court allowed.

On April 1, 2016, plaintiff filed an amended complaint. The complaint now alleges the existence of subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff contends that the defendant Boston Property Group, LLC failed to follow his instruction to replace and/or activate smoke detectors in his residential apartment building, and thereby discriminated against him in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.*

**II.     Discussion**

    **A.     Motion to Proceed *In Forma Pauperis***

Plaintiff's motion to proceed *in forma pauperis* will be denied without prejudice. The motion fails to provide the Court with adequate financial information to permit the court to find that he is eligible to proceed without prepayment of the $400 filing fee. 28 U.S.C. §1915(a). Plaintiff contends that he was unable to complete the motion for *in forma pauperis* status because he could not remember the information necessary to complete the application, as he was in the hospital and "snowed in." He also contends that he suffers from respiratory illness and permanent brain injury. From what he did complete, plaintiff contends that he has no income, has an "unknown" amount of money, "unknown" amount of living expenses and debts, and is an owner of "unknown" assets. On that record, the Court cannot determine whether plaintiff is eligible to proceed *in forma pauperis*. The motion will be denied without prejudice. *See* 28 U.S.C. § 1915(a)(1).

    **B.     Federal-Question Jurisdiction**

The amended complaint alleges jurisdiction premised on federal-question jurisdiction under 28 U.S.C. § 1331. The sole federal claim in the complaint is a purported violation of Title III of the American with Disabilities Act, 42 US.C. §12181 *et seq.*, relating to the defendant's alleged

discriminatory action of removing and/or failing to activate fire alarms at plaintiff's residential apartment property.

Under Title III of the ADA,

> [n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C.A. § 12182(a). "Federal courts have consistently held that residential condominiums and apartments are not 'public accommodations,' within the meaning of the ADA." *Jenkins v. Turner*, No. CIV.A. 2:14-14348, 2014 WL 6669229, at *2 (E.D. Mich. Nov. 24, 2014), *appeal dismissed* (July 1, 2015) (collecting cases). Because residential apartment buildings are not public accommodations under the ADA, the statute does not apply, and therefore the complaint fails to state a claim upon which relief can be granted. Put simply, while there may be federal-question jurisdiction, there is no valid federal claim.

Under 28 U.S.C. § 1915(e)(2), the Court has authority to dismiss a case brought by a plaintiff seeking to proceed *in forma pauperis* if the complaint fails to state a claim. Because the complaint here does not satisfy that standard, it will be dismissed.

**C.     Diversity Jurisdiction**

Diversity jurisdiction, under 28 U.S.C. §1332, requires "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008); *see Gabriel v. Preble*, 396 F.3d 10, 13 (1st Cir. 2005). For purposes of diversity jurisdiction, "the citizenship of a limited liability company 'is determined by the citizenship of all of its members.'" *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011). Plaintiff has failed to allege in his amended complaint that the defendants are all citizens of states other than Massachusetts. The Court is therefore without diversity jurisdiction over this action under 28 U.S.C §1332.

    **D.**    **Supplemental Jurisdiction**

The amended complaint asserts state-law claims for negligence and breach of contract. The only federal claim has been dismissed, and this case is at an early stage. Under the circumstances, the Court declines to exercise its supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3).

**III.**    **Conclusion**

For the foregoing reasons,

1. Plaintiff's motion to proceed *in forma pauperis* is DENIED without prejudice
2. This action is DISMISSED without prejudice.

**So Ordered.**

                                                /s/ F. Dennis Saylor
                                                F. Dennis Saylor IV
Dated: April 22, 2016                        United States District Judge